[L. A. No. 9529.   In Bank.—October 3, 1927.]

In the Matter of the Estate of ANNA M. GRAVES, Deceased.   MAUD WILSON LEVITT, Respondent, v. JOHN R. BLACK, Appellant.

[1] ESTATES OF DECEASED PERSONS — WILLS — UNDUE INFLUENCE — BURDEN OF PROOF—QUESTION OF FACT.—Three well-established facts, among others, which are recognized as being indicative of undue influence, or a subversion of a decedent's volition, are, the relations between the one charged with exercising the undue influence and the decedent, affording the former an opportunity to control the testamentary act; the decedent's condition such as to permit of a subversion of her freedom of will; and the former's activity in procuring the instrument to be executed and the fact that he unduly profited as beneficiary under the will; and while none of these circumstances, standing alone, has the effect of creating a presumption against the validity of the instrument, their probative force, in combination, is to impose upon the proponent the obligation of presenting evidence of volition, and to make the question as to undue influence one of fact for the jury's determination.

[2] ID.—OPPORTUNITY TO INFLUENCE TESTATOR.—The mere proof of opportunity to influence the mind of the testatrix, even though shown to be coupled with interest, or a motive to do so, does not sustain a finding of undue influence, in the absence of testimony showing that there was pressure operating directly on her testamentary act.

[3] ID.—PROFITING BY WILL—CONFIDENTIAL RELATIONS—PARTICIPATION IN PROCURING WILL—BURDEN OF PROOF.—The rule is well settled that where one who unduly profits by a will as a beneficiary thereunder sustains a confidential relation to the testator, and has actually participated in procuring the execution of the will, the burden is on him to show that the will was not induced by coercion or fraud and in such a case a presumption of undue influence arises from proof of such facts.

1.   Undue influence which will invalidate a will, note, 16 **Am. Dec.** 739.   See, also, 26 **Cal. Jur.** 647.

2.   See 26 **Cal. Jur.** 652; 28 **R. C. L.** 144.

3.   Presumption of undue influence when confidential relation exists, note, 21 **Am. St. Rep.** 101.   See, also, 26 **Cal. Jur.** 652; 25 **R. C. L.** 146.   Burden of proof as to undue influence, notes, 17 **L. R. A.** 494; 36 **L. R. A.** 724, 733.

[4] ID.—GROUNDS OF CONTEST—RELATION OF PARTIES.—In a will contest, where the affairs of the decedent, the affairs of the person charged with using undue influence in securing the execution of the will and the affairs of a third person were interrelated, it was proper in the grounds of contest to set out in detail the circumstances under which the one charged with undue influence became the confidant and business adviser of the other two persons, and it was not error to overrule a demurrer to the pleading and deny a motion to strike out the portion thereof relating to the execution of his will by the third party, for where the ground of the contest of a will is undue influence, it is not sufficient for the pleader to merely allege the legal conclusion of undue influence, but the facts must be pleaded from which the court may determine as a matter of law whether the facts so pleaded constitute the alleged undue influence.

[5] ID.—INSTRUCTIONS.—It is held in this will contest that the trial court correctly instructed the jury.

---

(1) 40 Cyc., p. 1166, n. 88, p. 1332, n. 46.   (2) 40 Cyc., p. 1145, n. 54.   (3) 40 Cyc., p. 1152, n. 11, p. 1153, n. 14, p. 1165, n. 86. (4) 40 Cyc., p. 1269, n. 33.   (5) 40 Cyc., p. 1337, n. 85.

APPEAL from a judgment of the Superior Court of Los Angeles County. Benjamin F. Bledsoe, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

William J. Hanlon and Clarke & Bowker for Appellant.

Edward T. Sherer and Welburn Mayock for Respondent.

WASTE, C. J.—Maud Wilson Levitt, respondent here, a niece of Anna M. Graves, deceased, and her only heir, filed a contest, after probate of the will of the decedent, alleging unsoundness of mind of the testatrix at the time of the execution of the document, and that the will was procured by the undue influence of John R. Black, appellant, to whom the decedent bequeathed practically her entire estate. After due trial on the issues tendered by the answer of Black, the jury found that Mrs. Graves was of sound mind at the date of the execution of the will, but that it was procured through the undue influence of appellant. Judgment was entered in

---

4.   See 26 Cal. Jur. 1095.

accordance with the findings of the jury, and motion for a new trial, interposed by Black, was denied. While an appeal was taken from the whole of the judgment, and from the order denying the motion, appellant is urging only that the judgment and the findings of the jury that Anna M. Graves was acting under the undue influence of John R. Black at the time she executed the will are erroneous.

Anna M. Graves was, at the time the will in question was made, seventy-five years of age. For thirteen years she had been housekeeper for Augustus A. Harris, an old man about five years her senior. They lived in a house owned by them in common, and, together, were worth about forty thousand dollars. Nearby John R. Black, a real estate agent, had his office, where Harris frequently visited him. In December, 1923, Harris had a stroke of paralysis, from which he never recovered. He died in February, 1924. The evidence establishes that, during that interval of about two months, Black was very active in the affairs of Harris and Anna M. Graves. He sold their home for twenty thousand dollars, introduced his attorney to them, and advised that they make their wills, which were prepared by the attorney and witnessed by Black himself and one of his real estate salesmen. In both wills Black was named executor without bonds. Anna M. Graves was named as the principal beneficiary in the will of Harris, and Harris was made sole beneficiary in her will, with the provision that, in the event of his death prior to that of the testatrix, the estate should go to Black's grandson. When the home property was sold, the old people lived for a time with Charles Harris, the brother of Augustus, where the latter passed away.

The evidence indicates that during all of this time Mrs. Graves was a very sick woman, and occasionally "did queer things." According to the testimony, when one hundred feet away from the house, she could not find her way back. On one occasion, partly clad, she wandered into the road, where she fell and had to be picked up and taken into the house. At another time she built a fire in a pan in the middle of the room. The surroundings in the home of Charles Harris, to which the old people had been taken, were not pleasant or comfortable, and, on the death of Augustus Harris, Black, taking two doctors and his attorney with him, caused Mrs. Graves to be removed to a

hospital, where she was examined. She was found to be suffering with bronchial pneumonia, and her condition was very grave. On the tenth day after her admission to the hospital her condition appears to have become very serious. In the afternoon of that day Black caused her removal to an apartment over the garage in the rear of his own house, where she lived until her death, some three months later, and where she was attended by doctors and nurses chosen by Black. On March 29, 1924, Mrs. Graves executed another will, the one here in question. Immediately prior to its signing, and at the apparent suggestion of Black, the doctors subjected her to a mental examination, and one of them and the attending nurse acted as witnesses. Other than Black, no other persons were present. He had previously discussed the will with the testatrix, and it had been prepared by his attorney. He was made the sole beneficiary (other than a provision in the will that if Mrs. Graves had any living heirs she gave unto each of them the sum of one hundred dollars) and was named as executor without bonds.

In support of the contention of the respondent that the will was procured by the undue influence of Black, evidence of the foregoing and many other facts relating to Mrs. Graves' condition, personality, her age, health, and strength were admitted in minute detail. The circumstances attending the execution of the will were fully shown, and the situation of the parties to the transaction was placed before the jury. The appellant claims that his activity in the affairs of Harris and Mrs. Graves was brought about by the fact that during the illness of Harris the latter was in such condition that he could do nothing for himself, and refused to have doctors and nurses attend him; that he, appellant, daily cared for him, and performed the most menial tasks; that at the time of the death of Harris, which occurred at the home of his brother, conditions were bad, filthy, and unsanitary, and that Mrs. Graves had been neglected and poorly attended, and for that reason he saw that she was properly cared for, and in the manner already indicated. The further contention of the appellant is that respondent and Mrs. Graves had never corresponded, and did not know each other; and that Mrs. Graves was of the opinion, as expressed in her will, that she had no living heirs. He contends, in view of these facts and because of the kind-

nesses he had shown to the testatrix, that he "was therefore the person to whom naturally Mrs. Graves would desire to leave such property as she might have at the time of her death . . . that in this respect the will was not unnatural, but that [he] was the natural object of her bounty." He contends that the testimony "is absolutely silent that this will was not the free and voluntary act of the decedent."

We deem further statement or discussion of the detailed testimony unnecessary. [1] Three well-established facts, among others, which are recognized as being indicative of undue influence, or a subversion of a decedent's volition, stand out clearly in the record: The relations between appellant and the decedent afforded to appellant an opportunity to control the testamentary act; the decedent's condition was such as to permit of a subversion of her freedom of will; the appellant was active in procuring the instrument to be executed. In addition, appellant unduly profited as beneficiary under the will. While none of these circumstances, standing alone, has the effect of creating a presumption against the validity of the instrument, their probative force, in combination, is to impose upon the proponent the obligation of presenting evidence of volition, and to make the question as to undue influence one of fact for the jury's determination. (26 Cal. Jur., pp. 647, 648.) [2] Appellant correctly contends that mere proof of opportunity to influence the mind of the testatrix, even though shown to be coupled with interest, or a motive to do so, does not sustain a finding of undue influence, in the absence of testimony showing that there was pressure operating directly on her testamentary act. (*Estate of Morcel,* 162 Cal. 188, 194 [121 Pac. 733].) But in this case it clearly appears that the appellant took an active part in securing the execution of the will at a time when there existed a confidential relation between himself and Mrs. Graves. [3] The rule is well settled that " 'where one who unduly profits by the will as a beneficiary thereunder sustains a confidential relation to the testator, and has actually participated in procuring the execution of the will, the burden is on him to show that the will was not induced by coercion or fraud' (*Estate of Baird,* 176 Cal. 381, 384 [168 Pac. 561]; *Estate of Nutt,* 181 Cal. 522, 528 [185 Pac. 393]), and that 'a presumption of undue influence arises from proof of the existence of

a confidential relation between the testator and such a beneficiary, coupled with activity on the part of the latter in the preparation of the will.' (*Estate of Higgins,* 156 Cal. 261 [104 Pac. 6].)'' (*Estate of Relph,* 192 Cal. 451, 465 [221 Pac. 361].) Appellant did not sustain the burden cast upon him in the lower court, and has not satisfied us that the finding of the jury, and the consequent judgment revoking the will, are incorrect as matters of law. In view of the surroundings in which the testatrix was placed, prior to and after making the will, we deem of little moment the fact that she lived about two months after its execution.

[4] The respondent, in her amended contest filed in the court below, set out in some detail the circumstances under which appellant "gradually became the confident and business advisor" of Augustus A. Harris and Mrs. Graves, by reason of which he prevailed upon Harris to make the will in favor of Mrs. Graves, and to appoint Black executor without bonds. Appellant demurred and moved to strike out the portion relating to the execution of the will by Augustus A. Harris, claiming that the relations between appellant and Harris were not material or relevant to the issue whether or not Mrs. Graves was under the undue influence of appellant at the time she made her will. The affairs of the three were, however, so interrelated that it was proper for the pleader to set them out. Where the ground of a contest of a will is undue influence, it is not sufficient for the pleader to merely allege the legal conclusion of undue influence, but facts must be pleaded from which the court may determine as a matter of law whether the facts so pleaded constitute the alleged undue influence. (*Estate of Bixler,* 194 Cal. 585, 589 [229 Pac. 704].) The allegations here are, in effect, practically identical with those considered in the Bixler case, and of which it was said (page 590) the allegations "clearly and sufficiently, without recourse to conclusions of law, allege the ultimate fact that the will was the product of the undue influence of the person charged." The demurrer was properly overruled, and the motion to strike out was properly denied.

[5] The trial court instructed the jury, in the language of section 2235 of the Civil Code, that "all transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee

remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration and under undue influence." Appellant contends that the instruction has no application to the present case, for the reason that he was in no sense a trustee of an express trust, but only a trustee as executor of the last will of Augustus A. Harris, deceased, to handle, under direction of the court, the affairs of the estate in which Mrs. Graves was sole beneficiary. He does not further press his contention, and fails to point out the injury, if any, caused by the giving of the instruction. In answer to other contentions of appellant, it may be said that the trial court correctly instructed the jury at length, and with a great attention to detail.

The judgment and order appealed from are affirmed.

Richards, J., Seawell, J., Shenk, J., Curtis, J., and Langdon, J., concurred.