[S. F. No. 11911.   In Bank.—October 20, 1927.]

## In the Matter of the Estate of EMMA A. STUMP, Deceased.

[1] ESTATES OF DECEASED PERSONS—WILL CONTEST—EVIDENCE—PREVIOUS WILL—FIXED PLAN FOR DISPOSITION OF ESTATE.—In a will contest upon the ground of undue influence, the trial court properly admitted in evidence the contents of a former will of the testatrix as tending to show a permanent and fixed state of mind with regard to her plan for the disposition and administration of her estate.

[2] ID.—TESTAMENTARY CAPACITY—WILLS OF AGED AND INFIRM PEOPLE.—The wills of aged and infirm people, or people sick in mind as well as in body, must be upheld as in other cases, if, notwithstanding their enfeeblement, testamentary capacity is shown.

[3] ID.—VALIDITY OF WILL—EVIDENCE.—In a will contest, although there is evidence from which it might be reasoned that the testatrix was enfeebled in body and mind, where the evidence falls short of establishing that the will itself was the creature or product of any hallucination or delusion, or that any of the mental infirmities of the testatrix bore directly upon and influenced the creation and terms of the testamentary instrument, the will should be upheld.

[4] ID.—CONFLICT IN EVIDENCE.—In a will contest where the conflict in the evidence as to the testamentary capacity of the decedent was so unsubstantial that, had the jury found in favor of the contestants on that issue, it would have been the duty of the trial court to set aside the verdict, it was the duty of the court, in the first instance, to withdraw the issue from the consideration of the jury.

[5] ID.—OPPORTUNITY TO INFLUENCE TESTATRIX—UNDUE INFLUENCE.—Mere proof of opportunity to influence the mind of a testatrix, even though shown to be coupled with an interest, or a motive to do so, does not sustain a finding of undue influence in the absence of testimony showing that there was pressure operating directly on the testamentary act.

1.   See 26 Cal. Jur. 657.
2.   Old age as test of testamentary incapacity, notes, 27 L. R. A. (N. S.) 25; L. R. A. 1915A, 450. See, also, 26 Cal. Jur. 668; 28 R. C. L. 74.
4.   See 26 Cal. Jur. 765, 770.
5.   See 26 Cal. Jur. 650; 28 R. C. L. 144.

[6] ID.—CONFIDENTIAL RELATIONS—PRESUMPTIONS—BURDEN OF PROOF.
While a presumption of undue influence may arise from proof
of the existence of a confidential relation between the testator
and the beneficiaries, coupled with activity on the part of the
latter in the preparation of a will, where the evidence is in-
sufficient to show an actual and active participation in the pro-
curing of the execution of the will on the part of the beneficiaries,
the burden is not placed on the latter of showing that the will
was not induced by coercion or fraud.

(1) 40 Cyc., p. 1314, n. 21.    (2) 40 Cyc., p. 1008, n. 16, p. 1011,
n. 45.    (3) 40 Cyc., p. 1032, n. 3.    (4) 40 Cyc., p. 1331, n. 42.    (5)
40 Cyc., p. 1166, n. 89.    (6) 40 Cyc., p. 1152, n. 10.

APPEAL from a judgment of the Superior Court of
Fresno County.  C. E. Beaumont, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Hugh P. Graves and Stanley Moffatt for Appellants.

Charles A. Hill for Respondents.

WASTE, C. J.—Emma A. Stump, a widow, died, leaving
a will by which she gave the sum of one dollar to each of
her eight brothers and sisters, and the remainder of her
property to a nephew, Roy Zediker, and his wife, in joint
tenancy. After the document was admitted to probate,
David S. Zediker, a brother, Laura All, Susan Woodward
and Carrie Foster, sisters, instituted a contest, alleging as
grounds of opposition the mental incompetency of the de-
cedent, that the will was not executed in the manner re-
quired by law, that it was the product of coercion and un-
due influence exerted by Roy Zediker upon the mind and
will of the decedent, and that it was obtained through
fraud, connivance, and conspiracy of the nephew and other
persons practiced upon and against the decedent. Upon the
conclusion of the testimony the trial court, over the objec-

6.  Evidentiary force of circumstances that one benefited by a
will was the draftsman or was active in procuring its execution,
note, 28 L. R. A. (N. S.) 270. See, also, 26 Cal. Jur. 652, 725; 28
R. C. L. 146. Preparation of will by beneficiary as evidence of un-
due influence, note, 15 Ann. Cas. 551. Presumption of undue in-
fluence where confidential relation exists, note, 21 Am. St. Rep. 101.

tion of contestants, directed the jury to return answers favorable to the proponents on all the special issues about to be submitted to it relating to the mental competency of the decedent, and the due execution of the will, thereby leaving for the consideration of the jury only the questions as to undue influence and fraud alleged to have been practiced upon the decedent. On these issues the jury also rendered its verdict in favor of the proponents. Judgment was thereupon entered sustaining the will, and the contestants have appealed.

The decedent had resided on a ranch in Fresno County with her husband, Allen E. Stump, for a period of approximately twenty years. She had been an invalid and practically helpless for two or three years prior to her death, and was confined to her bed during the last illness of her husband, who died in October, 1923. Shortly before his death, the husband and wife executed wills, giving all of their property each to the other for life, with remainder over to the nephew of Mrs. Stump, Roy V. Zediker, and his wife, jointly, no other legatees being named. W. J. Lohman, cashier of the First National Bank of Parlier, was named as the executor of each will. Some time after the death of her husband, Mrs. Stump executed another will, the one here in question. The instrument was prepared by the attorney for the First National Bank of Parlier, who was also the attorney for the executor of the estate of Allen E. Stump. It was executed in the presence of the attorney, the family physician, and W. J. Lohman, the executor of the husband's will, who was again named as executor by Mrs. Stump. The testimony is clear and without contradiction that the will was properly executed, and that at the time of its execution the testatrix was in possession of her faculties and comprehended the nature of her testamentary act. The will is not unnatural. The testatrix was childless, and her nephew and his wife had looked after the affairs of her husband and herself for two or three years before Mr. Stump died, and had cared for her after her husband's death, and managed her property. [1] The trial court very properly admitted the contents of the former will of the testatrix as tending to show a permanent and fixed state of mind with regard to her plan for the

disposition and administration of her estate. (*Estate of Arnold*, 147 Cal. 583, 593 [82 Pac. 252].)

[2] The principal assignments of error relied on by the appellants relate to the granting of the motion for a directed verdict on the question of testamentary capacity and the instructions given on the subject of undue influence. Our examination of the record, however, convinces us that while the testatrix was no doubt subject to the infirmities and idiosyncrasies of old age, she was, nevertheless, clearly possessed of sufficient soundness of mind to make a legal disposition of her property. The wills of aged and infirm people, or people sick in mind as well as in body, must be upheld as in other cases if, notwithstanding their enfeeblement, testamentary capacity is shown. (*Estate of Chevallier*, 159 Cal. 161, 168 [113 Pac. 130].) [3] While there is evidence in this case from which it might be reasoned that Mrs. Stump was enfeebled in body and mind, the evidence falls far short of establishing that the will itself was the creature or product of any hallucination or delusion, or that any of the mental infirmities of the testatrix bore directly upon and influenced the creation and terms of the testamentary instrument. [4] The conflict, which appellants argue is raised by the evidence introduced by them, was not of such substantial character as to deprive the court below of the right to direct a verdict on the issue of the testamentary capacity of the decedent. Had the jury found in favor of the contestants on that issue, it would have been the duty of the trial court to set such verdict aside. It was, therefore, its duty, in the first instance, to withdraw the issue from the consideration of the jury.

Appellants contend that the jury should have found for contestants on the issues of undue influence and fraud claimed to have been practiced on the testatrix by Roy V. Zediker and others. The most that need be said on that point is that the evidence, while contradictory as to certain matters, falls short of the effect claimed for it by appellants. Considered in its entirety, the evidence amply supports the conclusion arrived at by the jury.

[5] Appellants further contend that the court erred in its instructions relating to the issues of undue influence and fraud alleged to have been practiced on the testatrix. Mere proof of opportunity to influence the mind of a tes-

tatrix, even though shown to be coupled with an interest, or a motive to do so, does not sustain a finding of undue influence in the absence of testimony showing that there was pressure operating directly on the testamentary act. (*Estate of Graves, ante,* p. 258 [259 Pac. 935]; *Estate of Morcel,* 162 Cal. 188, 194 [121 Pac. 733].) **[6]** While a presumption of undue influence may arise from proof of the existence of a confidential relation between the testator and the beneficiaries, coupled with activity on the part of the latter in the preparation of the will, we are unable to agree with the appellants that there was in this case such an actual and active participation in procuring the execution of the will on the part of Roy V. Zediker and his wife as to place on them the burden of showing that the will was not induced by coercion or fraud. For these reasons the instructions complained of by the appellants were not improperly given.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Richards, J., concurred.