[Civ. No. 20851.   Second Dist., Div. Two.   May 4, 1955.]

Estate of CHARLOTTE DeMONT, Deceased.   JAMES W. BUDDELL et al., Respondents, v. LORENZO RENZONI, Appellant.

A. W. Brunton for Appellant.

Van Lee Hood for Respondents.

MOORE, P. J.—The question for decision is whether the evidence justified the findings that decedent was of sound mind at the time of executing her will and that its execution was not procured by fraud and undue influence.

Decedent was a physician and surgeon and practiced her profession until December 6, 1949, when her arm was broken. On the 19th of the same month, she executed a will by which she gave Lorenzo Renzoni one half of the residue of her estate; the other half to Demetrio Serge, with special bequests to her relatives, her friends and to the church of her faith. She became ill and weak toward the end of 1949 and in January 1950 Mr. James W. Buddell and the Bank of America were appointed coguardians of her estate and Mr. Buddell was appointed guardian of her person. On December 20, 1951, she executed a new will, prepared by Attorney Cohen and witnessed by Bernard B. Cohen and Charles J. Pflueger. The will was in due form and the attesting witnesses affirmed the competency of the testatrix. She remembered her natural heirs and her church, but the residue of the lady's estate was bequeathed to Edna L. Mitchell and James W. Buddell. On its being offered for probate, Demetrio Serge filed a contest. The bequest named for him was only $250. He dismissed his contest but Lorenzo Renzoni intervened by adopting the ''First Amended Opposition'' of Demetrio. The issues of competency and fraud and undue influence were tried with the resultant findings against the claims of Lorenzo who has appealed.

Appellant contends that a confidential relationship existed between the deceased and her nurse, Edna L. Mitchell; that Mitchell was employed by James Buddell; that both parties exerted undue influence over the deceased; and he maintains that because of this confidential relationship between the nurse, Mitchell, and the deceased, the burden of proof was on the

legatees to show that there was no undue influence, coercion or fraud involved in the execution of the will.

Appellant's contention is fully answered in the case of *Bolander* v. *Thompson*, 57 Cal.App.2d 444, 446 [134 P.2d 924]. The facts there adjudicated were similar to those of the instant case. Certain gifts had been made to the attending nurse. Upon the death of the testator, the heirs at law brought an action to set aside the legacies, alleging that the will had been made by the deceased while under the undue influence of the attending nurse. The contestants contended that the nurse was in a confidential relationship to the deceased, thus shifting the burden of proof to the proponent to show that there was no undue influence. ▆▆ The court's appropriate reply to such contention was that there are no decisions which hold that a confidential relationship arises in *all* cases between a patient and a nurse. "The accepted rule is that such a relation may exist upon showing of special circumstances of the particular case." (*Ibid.*, p. 447.)

The court below found that no undue influence had been exerted and that decedent was of sound mind at the time the will was executed. Undue influence has been defined to be that kind of influence or supremacy of one mind over another by which the latter is prevented from acting according to his own wish or judgment. (6 Cal.Jur., p. 70.) Appellant undertook with intelligent effort to establish undue influence. But the evidence was in sharp conflict. It is, therefore, presumed that the trial court adopted the evidence offered by respondents. Even though a confidential relationship had existed and section 2235* of the Civil Code had come into play, the rule with respect to the conflict of evidence, section 1963, Code of Civil Procedure, is applicable, and therefore prevails. In the Bolander case, the court held that "the question of the burden of proof, or of the shifting of the burden, is not material. The material issue is the fact of undue influence, as distinguished from the suspicions and conjectures which may arise from the conduct of the party." When the trial court has the witness before it and listens to the evidence from both sides, "the findings based upon that evidence should not be disturbed notwithstanding the question of the burden of proof." ▆▆ It must be assumed

---

*Civil Code, section 2235: "All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration, and under undue influence."

that the burden of proof was sustained; otherwise, the trial court would not have made the finding. (*Bolander* v. *Thompson, supra,* 449.) The trial court is the final arbiter of facts, of the credibility of witnesses, and of the weight to be given their testimony. A reviewing court has no power to interfere with the findings where there is any substantial evidence to support them. (*Estate of Teel,* 25 Cal.2d 520, 526 [154 P.2d 384].)

Appellant contends (1) that the evidence offered by respondents did not establish that decedent was capable of making a will; (2) that she did not know the attorney who prepared the will, prior to his drafting the instrument; therefore, (3) since they were responsible for employing the attorney, respondents participated in the preparation of the will and its execution.

Respondents were not required to prove or disprove appellant's allegations. They were not called upon to offer any proof at all unless and until contestant had offered proof which standing alone would have warranted a finding that decedent was mentally incapable of executing a will at the time the will was executed, 17 months before her decease. Appellant cannot prevail through the weakness of proponents' case even if the testimony of proponents and their witnesses may have been subject to suspicion or otherwise unsatisfactory. Affirmative proof must be produced by the contestant. (*Estate of Stone,* 59 Cal.App.2d 263, 268 [138 P.2d 710].)

In *Estate of Johnson,* 200 Cal. 299, 305 [252 P. 1049], it was held that merely because the deceased was adjudged incompetent in the guardianship proceedings was not evidence of incapacity at the time she executed her will "and that the burden of proving that the decedent was of unsound mind at the time of the execution of the alleged will rested at all times upon the contestant." (*Estate of Worrall,* 53 Cal. App.2d 243, 247 [127 P.2d 593].)

There is no indication that the trial court acted arbitrarily. On the contrary, the court heard the testimony of appellant's witnesses *in extenso* and they proved some suspicious circumstances. But on the issues, the court made specific findings that decedent did not come under the influence of her residuary legatees; did not execute her will at the fraudulent importunity of such legatees; was never overpowered by them, but that she signed the instrument voluntarily, free of duress, undue influence or restraint.

■ Mere proof of opportunity to influence a testatrix does not sustain a finding of undue influence, in the absence of proof of pressure directed to the testamentary act. (*Estate of Graves,* 202 Cal. 258, 262 [259 P. 935].) ■ Undue influence implies the exercise of such coercion as is calculated to hamper the free agency and will of another. (*Goldman v. Goldman,* 116 Cal.App.2d 227, 235 [253 P.2d 474]. See *Estate of Keizur,* 64 Cal.App.2d 117, 122 [148 P.2d 116]; *Estate of Higgins,* 156 Cal. 257, 261 [104 P. 6].)

On the issue of incompetency, the judgment is fortified by numerous decisions. ■ It is the law that to set aside a will for mental unsoundness, the abnormalities of mind must have had a direct bearing on the testamentary act. The proof must have shown that the property of the testator was devised in a manner which occurred solely by reason of the alleged infirmities. (*Estate of Leonard,* 92 Cal.App.2d 420, 427 [207 P.2d 66]. See *Estate of White,* 128 Cal.App. 2d 659, 666 [276 P.2d 11]; *Estate of Johanson,* 62 Cal.App.2d 41, 50 [144 P.2d 72]; *Estate of Johnson, supra.*)

The appellant cites no authority to uphold his contention that the guardian cannot call an attorney unknown to the testatrix to assist her in the preparation of her will; in fact, it would be the normal thing for a person of good mental capacity to rely upon the judgment of her guardian and friend, an officer of an institution that has a special department to answer her needs.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.